STATE OF MAINE
                                                  SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                        DOCKET NO. AP-03-049

                                                 ŸA ʿ(f - ƍ/ʔ/05


EDWARD TRUESDALE,

            Plaintiff

                                        ORDER
    v.                                   AND
                                       DECISION

TOWN OF NORTH BERWICK,

            Defendant


        Mr. Truesdale is the owner of a 1.3 acre undeveloped lot with frontage on the

Great Works River in North Berwick. The lot is in the Village Residential B zone and is

entirely with the Resource Protection District. There is a substantial history that relates

to this lot most of which is not relevant to the central remaining issue.

        In early 2003 Mr. Truesdale applied for a building permit which was denied. An

appeal was taken to the North Berwick Board of Appeals which affirmed the denial of

the requested building permit. A three-count lawsuit was filed in this court. Counts I

and III were combined, briefed and argued, and decided in favor of the defendant by

order dated October 6, 2004. Count II is a takings claim. The parties are proceeding on

a joint statement of stipulated facts in lieu of trial on Count II, have submitted briefs and

have waived oral argument.

        While the inability to build is undoubtedly frustrating and costly to Mr.

Truesdale, a taking has not occurred. As there has been no direct appropriation or

physical invasion of the property by the government, the question is whether the

zoning regulations, which make the property unbuildable, have denied Mr. Truesdale

"all economically beneficial or productive use of land." See *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992).

In this case while the value of the land has been reduced and the permissible uses curtailed the land still has value as recognized in the market value of $5,000 to $7,500 found by the defendant's appraisers and permissible uses remain. The plaintiff also fails on any claim that he is entitled to compensation under the "investment-backed expectations" doctrine found at note 8 of *Lucas* citing *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978) since he acquired the property with the zoning restrictions already in place.

The entry is:

Judgment for the defendant on Count II of the complaint.


Dated:        December 7, 2005

PLAINTIFF:
Edward T. Clancy, Esq.
4 Fourth Street
Dover, NH  03820

Paul A. Fritzsche
Justice, Superior Court

DEFENDANT:
William L. Plouffe, Esq.
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME  04104-5081

2